hearing hearing the United States Court of Appeals for the 11th Circuit is now open and calling to law. God save the United States in this honorable court. Good morning, everyone. Thank you for being here. Judge to flatten judge cards and I are glad to welcome you to virtual Montgomery for this argument. We will get ready with our first case. Remember that we're familiar with the briefs and with the and with the facts of our main legal points that you wish to make. First up is United States versus Riley. We've got Miss case for Mr. Riley. Morning. My name is Allison case and I'm presenting on behalf of Kevin Riley. May it please the court and counsel. It is well established that district courts are afforded substantial discretion and sentencing, but district courts can and sometimes do impose sentences that are substantively unreasonable. Discretion is not unbounded and it is not limitless. Here for Mr. Riley's felon in possession case, the district court imposed an extraordinary upward variance from the advisory sentencing guideline range. We have sentencing guideline range of 12 to 18 months in prison, which fell in Zone C of the sentencing table such that a guideline sentence could be split to just six months in prison and six months of home confinement. But from that range, the district court varied all the way up to 70 months in prison. Whichever way we look at it, it's an extreme or major variance. It's more than five times the low end of the guideline range. It's nearly four times the high end of the guideline range, and just numerically, it's 52 to 58 months above the guideline range. Why isn't it reasonable for the district court to consider the statutory maximum? And in this case, I believe, isn't the sentence just barely half of that statutory maximum? So your honor, it's yes, it's well established precedent that the statutory maximum can be one factor when this court evaluates the substantively reasonableness of a sentence. But just because it is below the maximum does not make it reasonable. It's still based on a weighing of the 3553A factors, making sure that they are balanced. And very importantly, from Gall, the Supreme Court said that the degree of the variance matters. So regardless of whether the variance is up or down, in Gall, the Supreme Court said that variance must be sufficiently a more sufficient, significant justification than a minor one. I mean, when you look at the record here, there is just not a sufficient justification for this extraordinary variance. I think the district court tried to tie it to Mr. Riley's history and characteristics. The district court didn't counsel, didn't try to tie it to his history and give you an opportunity to respond to it. He had actually been convicted, not just charged or not charged in all process, but convicted of at least five separate violent crimes at age 16, at age 19, age 24, age 29, and age 34. Then at age 35, he possessed a firearm, felon in possession of a firearm in Mississippi, according to a stipulation he entered in court there. And then age 36, he possessed the firearm that he was charged in this case, as I understand it. So that's five violent felonies convicted of and two possessions of a firearm. He's never gone since he was old enough to drive. He's never gone more than five years without being convicted of a violent crime. That's doubly difficult for you because it, there are at least four or five of the factors, 35, 53 factors that have to do with criminal history and violence. Not only that, but the, let's call them mitigating circumstances or mitigating factors you offer on his behalf about he's got a wife and a family, and those are rehabilitative potential indications and all that. That hasn't changed since he committed the crime in this case. That hasn't changed since he committed some of the previous felonies. That's the argument for reasonableness, and it's a very difficult thing to overcome. Let me give you, just so you'd be able to, and this is the last thing I'll say about this, but you'd be able to. We had Rosales-Bruno listed a large number of cases in which we had upheld upward appearances as reasonable. One was U.S. v. Turner, where we affirmed a 240-month sentence despite a guideline range of only 51 to 63. That's four times the bottom of the range and three and a half times the top of the range. That, to me, seems like that's within the range of discretion that we accord sentencing judges. It doesn't matter whether we would have imposed the same sentence or not. There is a range we recognize of reasonableness, and I'd like to hear your argument for why, with that unbroken string of violent crime convictions and the two possessions of the felon, why that's not a reasonable sentence. Thank you, Your Honor. So I would note, I think it's on page 26 of the sentencing transcript, the judge said he would have given the same sentence even but for the stipulation about the Mississippi offense involving a gun. So taking that one out, I think it's extremely important that... Wait, wait, wait. Just because he said he would have sent us to the same sentence without that one doesn't mean in determining the reasonableness of the sentence we ignore it. Fair, Your Honor. That's an ingenious argument, but I don't think it's entirely logically compelling. Fair, Your Honor. I mean, I understand that you're going to have to first look at the degree of this variance and its justification by the court, but ultimately you will consider your own review of the 3553A factors. Related to the string of prior convictions, they are assaults. The only felony was the this of case. I would also point out that for three of his prior misdemeanors, some of those are included when your calculation of assaults, he received criminal history points. And so as you know, and I think all the judges know, half of a guidelines range is criminal history on that X axis. And so it is factored into the guideline range. And so knowing that it's factored into it, you still have to decide if there's a sufficient justification for this sentence. One thing that's difficult is how do we get to 70 months? I know in Irie, you wrote that the district court cannot just cast aside the guideline range. And I think the court has to consider that some of the criminal history is considered in the guideline range. And the reason he didn't get criminal history for the other ones is that based on the sentencing commission's rules, they were too old to qualify. About his personal characteristics, I would also note, I think it's important that the precedence report, been addicted to Lortab, been involved with methamphetamine just two years before his wife wanting to give him treatment. I think that gives a little bit of context for how he continued to accrue some of these convictions. And ultimately, you know, the question isn't whether a variance was justified. It's whether this degree of it was justified based on misdemeanor priors. Let me, I saw that in your brief. Let me ask you about it. You can say that some variants would have been reasonable. How much? Your Honor, if it's any less, our argument is less strong. If the concern is criminal history, and the court wants to tie it to a criminal history category six, we are still looking at a guideline range of just 31 to 37 months. And then this double that. I know you pointed out some affirmances that are referenced in Rosales-Bruno. There are also three, I know they're unpublished, but three decisions where this court has vacated sentences is substantively unreasonable. And I think the one that's most on par with this case is the Lopez case, where the guideline range was just 33 to 41 months. But the court reversed it and sent it back because it said the district court relied solely on criminal history, which is what this district court did. Also, I think that 30 seconds left. I think that, sure, Mr. Riley has a concerning history of some assaults. His history involving weapons. I mean, he committed three crimes, March, June, September, before this one in November in the same year, all involving weapons. It was a string of, there was just a little over a month between the September offense and the one before us now. He's an individual with a gun out there when he's free. That's the problem. Yes, Your Honor. May I respond? I think I'm out of time. Sure, sure. I'm concerned about the chain of events, all with weapons. Yes, Your Honor. That's understandable. I think that ultimately, 3553A factors taken to a lot of different factors. District courts should not sentence just based on the criminal history. It has to be a balancing. And this court has said when you focus on one factor, that's a symptom of unreasonable sentence. And it's our position that when you weigh all of the factors, that this degree of a variance was not justified. Thank you. Mr., and you've still reserved your time. Mr. Billingsley? Good morning. May it please the court. Michael Billingsley for the United States. Mr. Riley's 70-month sentence was admittedly a significant upward variance from the guideline range, but nevertheless, it is reasonable. When you grant the district court the substantial deference that this court has repeatedly said it's owed in this circumstance, the record demonstrates that its determination that such a sentence was necessary is justified. The court, as Judge Carnes, you noted, I'm not going to go through because you went through this criminal history and the violent nature of that criminal history, the continuing nature of it. But that's the court focused on. I think if you boil it down, the court statement that even though its explanation was more detailed than this, where it said the quote, long and short of it is, Mr. Riley, you're a very violent individual that has absolutely no respect for the law. That was the court's reasoning. Again, we think it's justified based on this record. And the resulting sentence is reasonable. One thing, just the reading of page 26 of the sentencing transcript, I think the gun that's referenced there where he said he would have imposed the same sentence is the gun with regard to a prior assault conviction, whether he could consider that it was a gun versus some other weapon. It wasn't the Mississippi felon in possession, stolen pistol from March of 2018. And the last thing I would just point out to sort of expand on one of the points that I think Judge Carnes made as well is the mitigation that's offered on the other side, being his family situation, giving him a lower risk of recidivism and I believe what they said was a strong incentive to reform. That was all existing in 2018, felon in possession and stolen firearm in March 2018. And then he's charged with attempted murder in June of 2018. And the court didn't consider that in terms of whether he committed it or not, but the charge hanging over his head, certainly there he had the incentive to conform his conduct to the requirements of the law. And he didn't do that as reflected by the felon in possession charge leading us here, which occurred in November of 2018. I am happy to try to answer any questions that the court has, but be respectful of his time. We're satisfied the rest of the briefs. If the court has no further questions, we would just ask that the court affirm. Thank you. Thank you. Ms. Case, anything that you would like to add? You know, I would ask the court to ultimately, whether the court's going to affirm or reverse this sentence, it's going to do its own analysis of the 3553A factors. I would just like to say that 3553A, I think this is a mine run felon in possession case that did not have any aggravating circumstances. And we know the district court didn't address it as a reason for the variance. I think the court's concern about his history and characteristics is noted, but there was also no consideration given to the rest of his, some more positive characteristics about having to coach his sons in little league. And I think that also as the court goes through, significant weight has still has to be given to the guidelines as the starting point for the was considered in that any, you know, in the district court, Ms. Riley made that blanket objection to the court's consideration of any pending charges and the details of the other offenses. And the court said it would not consider those. And so we are left with the misdemeanor assaults and resisting arrest and a drive-by shooting at 16. It was 20 years earlier. And the rest are just pending charges, you know, with his stipulation of related to the Mississippi case. And so the extreme variance just on that we don't think is justified. And the other significant 3553A factor here is the need to avoid sentencing disparity. This sentence statistically is extremely rare. In general, upward variances are rare. And then this degree of one is where very rare and whether that was justified here. You know, I'd also note that it's not just 70 months. Mr. Riley was borrowed on a writ from the state and it is 70 months consecutive to all pending Alabama state court cases. And so he will do his resolve his Alabama cases and then have to serve the 70-month sentence. And ultimately, I would echo what the Supreme Court said in Gall that sentencing promote justice and that it shouldn't be a means to dispense harsh punishment without taking into account the real conduct and circumstances. And here we just believe that the upward variance was not justified, particularly the degree of it in this case. Let me ask you one question in this case. Has there been any other developments on the state cases since the briefs? I don't know the exact resolution, Your Honor, but I do believe that there was a conviction related to some of them. To be honest, I'm not positive about whether some of them were downgraded, but I do know he is still in state custody. And so he is still continuing to serve time related to those cases. The state didn't take him back and just say, OK, we will dismiss your state and send you to the Bureau of Prisons. He is still serving time with the state. The reason I ask if we thought this sentence was unreasonable, we sent it back. He would be sentenced again in view of his record as of that time for good or bad. And the bad would be that would be an additional conviction. Correct, Your Honor. Thank you. Thank you. We appreciate your arguments. Thank you.